UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* )
)
Vera Shakhray, )
)
    Plaintiff, )
)
v. ) Civ. No. _____
)        Jury Trial Demanded
CLP Bretton Woods, LLC, and )
Omni Hotels Management Corporation, )
)
    Defendants. )
)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

**NOW COMES** Vera Shakhray, by and through her attorneys, McDowell & Osburn, P.A., and respectfully files this Complaint. The Plaintiff provides further as follows:

### PARTIES

1. Vera Shakhray is a Massachusetts resident with an address of 20 Stearns Road, Apt. 44, Brookline, Massachusetts 02446.

2. CLP Bretton Woods, LLC is a Delaware business entity with a principal place of business at 450 South Orange Avenue, Orlando, Florida 32801.

3. Omni Hotels Management Corporation is a Delaware business entity with a principal place of business at 4001 Maple Avenue, Suite 500, Dallas, Texas 75219.

4. At all relevant times defendants CLP Bretton Woods and Omni Hotels Management owned and/or operated the Mount Washington Resort, including the Mount Washington Hotel, located at 310 Mount Washington Road, Bretton Woods, New Hampshire 03575.

## JURISDICTION

5. Jurisdiction is premised upon complete diversity of the parties and an amount in controversy in excess of $75,000 as provided by 28 U.S.C. § 1332(a). Plaintiff's medical bills collected to date exceed $62,000 and, in addition, plaintiff is claiming significant lost wages, permanent impairment and other damages.

## BACKGROUND

6. On or about May 1, 2014, Vera Shakhray was attending a work-related conference at the Mount Washington Hotel. The conference room supplied by the hotel for use by her employer was located on the lower level of the hotel. This lower level also included retail shops, a swimming pool, a spa, a bar and other hotel amenities.

7. The lower level of the hotel had guest access by way of three staircases from the main lobby of the hotel. On the morning of May 1, 2014, Vera Shakhray and a co-worker walked down one of these lobby staircases in order to participate in their work conference on the lower level of the hotel. Ms. Shakhray was on the right side of the staircase as she proceeded down the stairs with her co-worker on her left.

8. Contrary to safety regulations and best practices, the right side of the stairs used by Ms. Shakhray had a baluster that had no graspable area, was shorter than what is considered safe and failed to have any rail or other graspable area that extended beyond the bottom step. Also contrary to laws, safety regulations and best practices, the stairs had a uniform six inch rise for each step except for the very bottom step which transitioned to the floor of the lower level. That bottom step had a rise of about two and one-half inches. Also contrary to safety regulations and best practices, the stairs and lower level were carpeted in a manner that obscured the difference in riser height of the bottom step from the perspective of those descending the stairs.

Also contrary to safety regulations and best practices, there was no warning of any kind cautioning people descending the stairs that the last step had a significantly different riser height than all of the other steps on the stairs. In addition, these stairs entered the lower level of the hotel at a location adjacent to a retail jewelry shop and a retail chocolate shop with signs and visual displays intended to attract the attention of people arriving at the lower level on the stairs.

9. The defendants' maintenance of the stairs in the condition that they were in on or about May 1, 2014 was also contrary to their advertising and marketing to potential guests that the Mount Washington Hotel was a 'luxury resort' that was built with 'the latest design and construction methods'. The defendants' online and other marketing of the Mount Washington Hotel was designed to convey to potential guests that the hotel, by current standards, continued to be maintained as a luxury hotel with all of the latest amenities, including safety, for its guests.

10. On the morning of May 1, 2014, as Vera Shakhray transitioned from the bottom step to the floor of the lower level of the hotel, she stumbled because of the shortened riser height on the bottom step and fell. During the course of her stumble and fall, Ms. Shakhray broke the bones in her lower left leg and ankle in multiple places.

## COUNT I - NEGLIGENCE

11. Plaintiff incorporates the allegations in paragraphs 1 – 10 as if set forth fully herein.

12. The defendants had a duty to maintain the subject stairs in a safe manner, consistent with applicable laws, recognized safety practices and safety codes, consistent with its advertising to its customers that they maintained a luxury resort that is a safe place to visit, and consistent with providing for the basic safety of its invited guests.

13. In disregard of the aforementioned duties that the defendants had to maintain the stairs that caused Ms. Shakhray to stumble and fall, the defendants unreasonably and carelessly, and contrary to the law and contrary to the safety of their guests, failed to maintain said stairs in a safe manner, failed to maintain said stairs consistent with recognized safety practices and safety codes, failed to maintain said stairs in a manner consistent with its advertising to customers that their hotel was one of luxury and safe for use by its guests, and failed to maintain said stairs in a manner that was consistent for providing basic safety for its invited guests. Said failures are evidenced by the unsafe height of the balustrade, the lack of graspable surface atop the balustrade, the lack of graspable surface extending beyond the bottom riser, the significant change in riser height of the bottom riser, the riser height of the bottom step being less than four inches, the obscuring of the change of riser height of the bottom riser, the lack of any warning of the significant change in riser height of the bottom riser, maintaining distracting visual signage and displays in the area around the bottom of the stairs when the bottom riser height is significantly different from the riser height on all other steps on the stairs, and otherwise failing to take reasonable steps to make the transition from the stairs to the lower level reasonably safe when there existed a significant change in riser height that increased the risk of stumbles and falls for its guests descending the stairs.

14. As a result of the defendant's carelessness and negligence resulting in the breach of one or more of the duties they owed to the plaintiff as a guest of the hotel, Vera Shakhray was injured on and about her ankle and leg. Said injuries to Vera Shakhray were severe and have caused her to suffer pain and mental anguish and will continue to cause her pain and mental anguish into the future. Said injuries to Vera Shakhray required treatment in the form of multiple surgeries, hospitalization and other medical care. Said injuries to Vera Shakhray are

permanent in nature and will likely require future care, including future medical care.  Because of her injuries, Vera Shakhray has incurred lost wages, loss of earning capacity, medical bills and expenses, and she has also suffered other losses, including loss of enjoyment of life, all to the damage of Vera Shakhray, as she says, in an amount within the jurisdictional limits of the District Court, together with interest and costs.

## JURY TRIAL

15. The plaintiff, Vera Shakhray, hereby demands a jury trial on all Counts so triable.

Respectfully submitted,

VERA SHAKHRAY

By and through her attorneys,

McDOWELL & OSBURN, P.A.
282 River Road
P.O. Box 3360
Manchester, NH 03105-3360
(603) 623-9300

Dated: February 9, 2016

*/s/ David S.V. Shirley*
David S.V. Shirley, NH Bar #12538