```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Vera Shakhray

    v.                                              Civil No. 16-cv-050-SM

CLP Bretton Woods, LLC et al.

## **O R D E R**

In this diversity action, the plaintiff, Vera Shakhray, seeks to recover against the defendants, CLP Bretton Woods, LLC, and Omni Hotels Management Corporation ("Omni"), for injuries she purportedly sustained when she tripped and fell at the foot of a staircase at the Mount Washington Hotel ("hotel").  Before the court is the plaintiff's second motion to compel discovery (doc. no. 28), to which the defendants object (doc. no. 30).  The court held a telephonic hearing on May 10, 2017.  For the following reasons, the motion is denied.

### **Standard of Review**

Information is generally discoverable if it is: 1) non-privileged; 2) relevant to any party's claim or defense; and 3) proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  "Information within the scope of discovery need not

be admissible in evidence to be discoverable." Id. If a party fails to respond to requests for production or interrogatories, the party seeking discovery may move to compel production of the requested documents or answers to interrogatories. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). The party moving to compel production bears the burden of showing that the information she seeks is relevant for the purposes of discovery. See Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005).

## Discussion

The plaintiff seeks to compel the production of documents showing, over a three year period, the hotel's gross revenues, its budget for maintenance and repairs, and its actual expenditures on maintenance and repairs (collectively "financial records"). The plaintiff requested these records in her second request for production of documents. The defendants have refused to provide these documents absent a court order.

The plaintiff contends that "[t]he circumstances of this case include[] whether the hotel had the resources and the means to warn of, safeguard against[,] or remedy the hazard presented by the bottom step of the subject stairs." Doc. no. 28-1, at 4. The plaintiff argues that she is therefore entitled to the financial records because they "are relevant to the resources

2

and means the hotel had at its disposal to warn of, safeguard against[,] or remedy the hazard . . . ." Id.  The plaintiff points to excerpts from the report and deposition of the defendants' liability expert, Gary Meehan, in support of this position.

The defendants argue that the financial records are neither relevant to the claims at issue nor proportional to the needs of the case.  The defendants contend that they did not need to take any action with respect to the staircase because the staircase did not present a foreseeable and unreasonable risk of harm.  The defendants further contend that Mr. Meehan "did not opine that the hotel would be unable to afford alterations to the subject staircase," but rather that the plaintiff's expert's estimates for such renovations "are based on inaccurate assumptions" and that "such renovations are not necessary because the stairway is safe to navigate[] and does not present an architectural barrier."  Doc. no. 30, ¶ 12.

In her reply, the plaintiff maintains that she is entitled to discover the financial records because the defendants have claimed, through Mr. Meehan, that "it was unreasonable for the hotel to spend any money to warn of, reduce[,] or eliminate the hazard encountered by the plaintiff."  Doc. no. 34, ¶ 10.  In

their surreply, the defendants dispute this characterization of Mr. Meehan's opinion, contending that Mr. Meehan concluded, among other things, that the staircase did not pose a hazard in the first place.

In New Hampshire, premises liability is "governed by the test of reasonable care under all the circumstances in the maintenance and operation of [the] premises." Rallis v. Demoulas Super Markets, Inc., 159 N.H. 95, 99 (2009) (citation omitted). "A premises owner owes a duty to entrants to use ordinary care to keep the premises in a reasonably safe condition, to warn entrants of dangerous conditions[,] and to take reasonable precautions to protect them from foreseeable dangers arising out of the arrangements or use of the premises." Id. (citations omitted). Under New Hampshire common law, a landowner can be held liable for harms caused by: "(1) the owner's failure to carry out [its] activities with reasonable care; or (2) the owner's failure to remedy or give warning of a dangerous condition of which [it] knows or in the exercise of reasonable care should know." Id. (citations omitted).

The plaintiff contends that discovery of the financial records is necessary to prove that the defendants failed to remedy the hazard posed by the staircase or otherwise give

4

warning of that hazard.  The court disagrees.  The plaintiff has not cited any authority — let alone authority from New Hampshire — supporting the proposition that a landowner's duty to remedy or give warning is somehow affected by the resources at that landowner's disposal.  Her conclusory statement that the "circumstances of this case" involve the hotel's "resources and means" is insufficient, by itself, to establish the relevance of the financial records.

The plaintiff appears to argue that the hotel's resources are relevant in determining whether the renovation proposed by the plaintiff's expert is a reasonable remedy.  The plaintiff has again failed to cite to any authority to support this contention, and the court's own research has revealed none.  Courts typically consider the reasonableness of a remedy in light of the danger posed.  See, e.g., Papadopoulos v. Target Corp., 457 Mass. 368, 383 (2010) ("[T]he property owner owes a duty to lawful visitors to make reasonable efforts *to protect lawful visitors against the danger*." (emphasis added)).  Though this analysis does, at times, take the cost of a remedy into consideration, the focus remains on the nature of the hazard itself rather than whether the defendant can afford the particular remedy.  See, e.g., Davis v. United States, 716 F.2d

418, 427 (7th Cir. 1983) ("[The government] took steps to prevent the type of accident that occurred here, and just failed to take additional precautions that also would have been cost-justified — yet would not have been of certain efficacy."); Jackson v. TLC Assocs., Inc., 706 N.E.2d 460, 464 (Ill. 1998) ("The threat of injury from the pipe could have been completely eliminated at virtually no cost or expense to TLC."). Having cited no contrary precedent, the plaintiff has failed to demonstrate that the financial records are relevant here to determine reasonableness of the proposed renovation.

There is nothing in Mr. Meehan's report or deposition testimony that alters this conclusion. For one, the discussions of costs in both of the report and deposition are plainly related to whether the proposed renovation is "readily achievable" under the Americans with Disabilities Act, see doc. no. 38-11, at 4; doc. no. 38-12, at 55, a provision under which the plaintiff has not brought a claim, see generally Compl. (doc. no. 1). Moreover, contrary to the plaintiff's characterization, Mr. Meehan does not opine that the defendants cannot afford to renovate the staircase. Rather, he maintains that such renovations are unnecessary because the staircase does not pose a hazard in the first place. See doc. no. 38-11, at 3

6

("[I]t is my professional opinion that this staircase meets all applicable standards and is a safe element for the users of this stairway."); doc. no. 38-12, at 55-56 (answering, repeatedly, that he does not view the staircase as a hazard). Thus, neither Mr. Meehan's report nor his deposition testimony convinces the court that the financial records are relevant to any claim or defense in this case.

Finally, even assuming the defendants could raise the affordability of the proposed remedies as a defense, they have not done so in this action. Indeed, the defendants have maintained, consistent with Mr. Meehan's conclusions, that no remedy is necessary because the staircase is safe. While reiterating this position at the hearing, the defendants further conceded that Omni has "substantial financial resources for renovations and repairs." The plaintiff therefore cannot reasonably argue that the defendants somehow "opened the door" to the discovery of these documents by raising the affordability of the proposed renovation as a defense.

In sum, the plaintiff has failed to meet her burden of showing that the financial records are relevant for the purposes of discovery. As such, the court need not address the defendants' arguments with respect to proportionality.

7

## **Conclusion**

In light of the foregoing, the plaintiff's second motion to compel discovery (doc. no. 28) is denied.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

May 16, 2017

cc:  David S.V. Shirley, Esq.
     Thomas B.S. Quarles, Jr., Esq.
     Paul J. Bauer, Esq.